UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kelli Pitpit,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Teamsters Local No. 150 and Dale Wentz,<br><br>　　　　Defendants. | No. 2:24-cv-00321-KJM-CSK<br><br>ORDER |

　　　　The court previously dismissed plaintiff Kelli Pitpit's complaint with leave to amend. *See generally* Prev. Order (Feb. 6, 2025), ECF No. 22. Pitpit has now amended her complaint, ECF No. 23, and defendants Teamsters Local No. 150 (the Union) and Dale Wentz move once more to dismiss. *See generally* Mot., ECF No. 24. The motion is fully briefed. *See generally* Opp'n, ECF No. 27; Reply, ECF No. 28. The court took it under submission without holding a hearing. Min. Order, ECF No. 29.

　　　　This case is related to case No. 2:23-cv-03043-KJM-CSK, *Crandall v. Teamsters Local No. 150*. The court summarizes the two cases' overlapping history and allegations in an order filed concurrently in the *Crandall* case. The court incorporates that summary into this order without repeating it. Pitpit is represented by the same attorney who represents Crandall in Case No. 23-3043; the Union and Wentz are represented by the same counsel in both cases as well. The Union and Wentz have filed similar motions in both cases under Rules 12(b)(6) and (c). This

1

1  court evaluates those motions under the same legal standard.  *See Gregg v. Hawaii, Dep't Public Safety*, 870 F.3d 883, 887 (9th Cir. 2017).  In short, Pitpit must support each claim for relief with factual allegations that, assumed true, allow a plausible inference of the defendants' potential liability.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Pitpit advances substantively the same arguments in opposition to the defendants' motion in this action as Crandall advances in opposition to the motion for judgment on the pleadings in his action.  Those arguments fall short for the same reasons in both cases: allegations show neither that she was denied a right the Union had "accorded to other members," *Ackley v. W. Conf. of Teamsters*, 958 F.2d 1463, 1474 (9th Cir. 1992), nor that defendants subjected her to the sort of "retaliatory action" that can support a claim under section 101(a), *Casumpang v. Int'l Longshoremen's & Warehousemen's Union, Loc. 142*, 269 F.3d 1042, 1057 (9th Cir. 2001).

Pitpit's arguments and amendments do not remedy the shortcomings this court identified in its previous order in her case.  The court can conceive of no amendments that would permit her to pursue a viable claim, Pitpit does not identify any allegations she could add, and she does not request leave to amend.  For these reasons, the court **grants the motion to dismiss without leave to amend**.  The Clerk's office is instructed to **close this case**.

IT IS SO ORDERED.

DATED:  June 18, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE